THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID LUNDELL, Defendant-Appellant.

Third District   No. 3—88—0429

Opinion filed April 28, 1989.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (Walter P. Hehner, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, David Lundell, was tried by a jury and convicted of one count of aggravated criminal sexual assault and three counts of aggravated criminal sexual abuse (Ill. Rev. Stat. 1987, ch. 38, pars. 12—14(b)(1), 12—16(d)). He appeals, arguing that statements made by the prosecutor during closing arguments deprived him of a fair trial.

The record reveals that on February 26, 1987, a detective with the Moline police department went to the defendant's apartment to investigate a sexual abuse complaint involving the defendant. The defendant invited the detective into his apartment and said that he had been expecting the police to call. He then gave the detective a calendar and told him that it contained everything the detective would want to know, because the defendant had recorded in code on the calendar all of his sexual contacts with various children. At the police station, the defendant gave a statement to the detective and then directed the police to other incriminating items that could be found in his apartment. The defendant also explained the code he had used on the calendar.

The primary defense offered by the defendant was that he was insane at the time the alleged crimes occurred. The record showed that the defendant had been suffering from a manic disorder since 1969, when he was discharged from the Air Force due to his mental condition. In support of his defense, the defendant presented the testimony of psychiatrist Eric Ritterhoff, who testified that the defendant suffered from a manic bipolar disorder. Further, clinical psychologist Paul Skinner testified that the defendant was insane when the crimes occurred.

The State presented the testimony of clinical psychologist William

McEchron and the testimony of psychiatrist Robert Chapman. Both doctors testified that the defendant's mental condition did not impair his ability to understand and appreciate the criminality of his acts. Dr. Chapman testified that in his opinion the defendant's mental disorder was in remission and that the defendant was not legally insane at the time of the alleged criminal acts.

· During closing arguments, the prosecutor made several comments regarding the validity of the defendant's insanity defense. Initially, the prosecutor told the jury that the defendant and his attorney were "trying to concoct this issue of insanity." During his rebuttal, the prosecutor stated in reference to defense counsel:

> "He told you that if the defendant had not confessed to the crime, given the calendar to the police officer, he would have gotten or tried to get the defendant off and he told you how he was going to do that. *** He would misstate the evidence. *** He is trying to get him off by creating this issue of insanity and obscuring the facts on that issue. He is doing the same thing. He is just doing it in a different way. The defendant confessed. Maybe that's why he has said people don't like lawyers. Well, I will submit that not every lawyer would do that—."

We note that nothing in the record supports the prosecutor's statements.

At the close of the trial the jury made a guilty but mentally ill finding rather than the not guilty by reason of insanity finding the defendant had sought. The sole issue on appeal is whether the statements made by the prosecutor during closing arguments deprived the defendant of a fair trial.

■ Arguments based upon the evidence or upon reasonable inferences arising therefrom are within the scope of proper closing arguments. (*People v. Anderson* (1971), 48 Ill. 2d 488, 272 N.E.2d 18.) However, improper prosecutorial remarks during closing arguments are reversible error when they result in substantial prejudice to the defendant or when the statements serve no purpose but to inflame the jury. (*People v. Terry* (1984), 99 Ill. 2d 508, 460 N.E.2d 746.) Unless based on some evidence, statements made in closing arguments by the prosecution which suggest that defense counsel fabricated a defense theory or attempted to free his client through trickery or deception are improper. (*People v. Emerson* (1983), 97 Ill. 2d 487, 455 N.E.2d 41.) The reviewing court must assess the evidence to determine whether the error was a substantial factor in the verdict. *People v. Taylor* (1986), 141 Ill. App. 3d 839, 491 N.E.2d 3.

■ The central issue at trial in this case was whether the defend-

ant was legally insane at the time he committed the acts. The experts agreed that the defendant suffered from a mental disorder, but they were equally divided regarding whether the defendant was insane at the time he committed the crimes. The State's experts testified that the defendant's condition was in remission when the acts occurred. The defense experts testified that he was insane at the time. The statements by the prosecutor went directly to the issue of the defendant's insanity. The prosecutor attempted to convince the jury that the defendant, with the aid of his attorney, had fabricated his insanity defense. The prosecutor also implied unethical conduct on the part of defense counsel.

The prosecutor's statements were clearly improper. Further, we are unable to say in this case, where the evidence was closely balanced, that the prosecutor's statements did not prejudice the defendant. The jury was required to make a very close judgment on the issue of the defendant's insanity and these statements by the prosecution may have tipped the balance against the defendant. Therefore, the defendant's convictions must be reversed and the cause remanded for a new trial.

The decision of the circuit court of Rock Island County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

WOMBACHER, P.J., and STOUDER, J., concur.